## Jacob M. Bell v. Stephen Maddock, L. O. Jenkins and Jos. Dill.

1. PAUPERS—*Supervisor Ex Officio Overseer of the Poor.*—Section 18 of Chap. 107, R. S., makes the supervisor *ex officio* overseer of the poor of his township, and section 20 provides that he shall furnish relief and support to them, subject to the restrictions and regulations of the county board.

2. SAME—*Control of, Under the Law.*—Under our present statute, the county board has the exclusive control of contracting for medical service for the paupers of the entire county, and a supervisor can only contract for medical treatment for the paupers of his township, subject to such restrictions as may be prescribed by the county board.

**Bill for an Injunction.**—Trial in the Circuit Court of Edgar County; the Hon. FRANK K. DUNNE, Judge, presiding. Hearing and decree on demurrer to bill, appeal, etc. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

This is a bill in chancery by appellant to restrain Stephen Maddock, the county clerk of Edgar county, from issuing to Doctors L. O. Jenkins and Joseph Dill an order upon the county treasurer for $237.50, which had been allowed them by the board of supervisors for medical attendance furnished county paupers.

The bill alleges that on the 26th day of April, 1898, complainant, as supervisor and *ex-officio* overseer of the poor of Paris township, in said county, entered into a written contract with four physicians for medical treatment of the poor of the township for the year commencing May 1, 1898, for $800; that on the 28th day of April, 1898, a committee of the board of supervisors of the county made a contract with L. O. Jenkins and Joseph Dill, two other physicians, for the treatment of all inmates of the county poor house and the resident paupers of Paris township, for the same year, for $950, which contract was subsequently ratified by the board; that at its July meeting, 1898, the board allowed Jenkins and Dill the sum of $247.50, being the amount due them for the first quarter under their contract; that up to

that date Jenkins and Dill had not rendered any attention to the paupers of Paris township, but that such as had been rendered, had been rendered by some of the physicians retained by complainant.

The court sustained a demurrer to the bill and dismissed it.

J. W. HOWELL and FRED E. DOLE, attorneys for appellant.

H. S. TANNER, attorney for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

The only question involved in this controversy is whether the supervisor of a township or the county board of supervisors, in a county under township organization, has control of the employment of physicians to attend sick paupers.

It is provided by statute that every county (except those in which the poor are supported by towns), shall relieve and support the paupers residing therein. It is also provided that the county board shall have power to appoint a physician for them and prescribe his compensation and duties. Secs. 14 and 28, Ch. 107, Rev. Stat., entitled "Paupers." While Sec. 18 of Chap. 107 makes the supervisor *ex officio* overseer of the poor of his township, section 20 provides that he shall furnish relief and support to them, subject to the restrictions and regulations of the county board.

It is plain, then, that under our present statute, the county board has the exclusive control of contracting for medical service for the paupers of the entire county, and that a supervisor can only contract for medical treatment for the paupers of his township subject to such restrictions as may be prescribed by the board. County of DeWitt v. Wright, 91 Ill. 529.

Appellant's bill showed no ground for equitable relief. The court properly dismissed it for that reason. Decree affirmed.